

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

November 12, 2010

**BY ELECTRONIC CASE FILING**
Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:    *Gallop v. Cheney*,
                10-1241-cv

Dear Ms. Wolfe:

      Defendants-appellees Dick Cheney, former Vice President of the United States of America; Donald Rumsfeld, former United States Secretary of Defense; and former General Richard Myers of the United States Air Force (collectively, the "Government") respectfully submit this letter brief in the above-named appeal. Plaintiff-appellant April Gallop, for herself and her minor son, appeals from a final judgment of the United States District Court for the Southern District of New York (Hon. Denny Chin, J.) dismissing her complaint as frivolous.

      Gallop alleges that the Government facilitated the terrorist attacks that took place on September 11, 2001, and thereby violated her rights under the First, Fourth, Fifth, and Ninth Amendments. (JA 34). Gallop's complaint also raises a "common law conspiracy to cause death and great bodily harm" claim, as well as a claim under the Anti-Terrorism Act, 18 U.S.C. § 2333(a). (*Id.*).

      The district court properly dismissed Gallop's claims against the Government with prejudice. The district court correctly determined that Gallop's complaint was implausible and indeed frivolous, as it asserted a "delusional conspiracy theor[y]." (JA 173). For the reasons set forth below, this Court should affirm the district court's judgment.

## JURISDICTIONAL STATEMENT

      The district court had jurisdiction under 28 U.S.C. § 1331, as the allegations in the complaint arose under the laws and Constitution of the United States. Judgment was entered

against Gallop on March 18, 2010 (JA 176), and on April 1, 2010, Gallop timely appealed (JA 177). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## QUESTIONS PRESENTED

1.   Whether the district court properly dismissed Gallop's complaint, which alleges that the Government conspired to enable the terrorist attacks against the World Trade Center on September 11, 2001, and itself caused the explosion at the Pentagon.

2.   Whether the district court correctly dismissed the complaint with prejudice, when Gallop did not move the district court for leave to amend the complaint and when amendment of the complaint would be futile.

## STATEMENT OF THE CASE

On December 15, 2008, Gallop filed a complaint in the United States District Court for the Southern District of New York, raising constitutional tort claims pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), as well as a "common law conspiracy" claim and a claim under 18 U.S.C. § 2333(a). (JA 34). On May 6, 2009, the government filed a motion to dismiss the complaint. (JA 5, 37-38).

By memorandum decision and order dated March 15, 2010, the district court granted the Government's motion to dismiss the complaint. (JA 162-174). The district court applied the standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), to hold that Gallop's claims were implausible, as well as frivolous. (JA 168-69, 174). Judgment was entered on March 18, 2010, and this appeal followed. (JA 176-77).

## STATEMENT OF FACTS

**A.   Gallop's Allegations Concerning the Events of September 11, 2001**

Gallop alleges in her complaint that she worked as a member of the U.S. Army stationed at the Pentagon. (JA 12). The complaint avers that Gallop reported to work on September 11, 2001, with her infant child, Elisha Gallop. (*Id.*). While Gallop sat at her desk that day, the complaint alleges, "large explosions occurred, walls crumbled and the ceiling fell in." (JA 12, 21). Gallop alleges she was "knocked unconscious" as a result of the explosion. (JA 22). Gallop claims that, after she regained consciousness, she picked up her baby, climbed out of the rubble and "collapsed on the grass" outside of the Pentagon. (*Id.*). Gallop avers that she later awoke in a hospital. (*Id.*). The complaint claims that Gallop and her infant sustained "substantial head and brain injuries" as a result of these events. (JA 12).

Gallop asserts in her complaint that government officials, including Rumsfeld, Cheney and Myers, ignored critical warning signs of the planned terrorist attacks on September 11, 2001, and failed to respond to early reports of the hijackings. (JA 16-19). The complaint avers, however, that no plane crashed into the Pentagon, and that the government conspired to blow up

the Pentagon in order to conceal funds missing from the Department of Defense. (JA 21-28). Gallop also alleges that she never saw any sign that an airplane struck the Pentagon. (JA 12).

### B.     The District Court Decision

By memorandum decision and order dated March 15, 2010, the district court granted the Government's motion to dismiss the complaint. (JA 162-74).

The district court began its analysis by accepting as true all factual allegations presented by Gallop in the complaint, and drawing all reasonable inferences in her favor. (JA 169-71). The district court declined to consider the affidavits and affirmations accompanying Gallop's briefing papers in opposition to the Government's motion to dismiss, however, because they were not part of the complaint. (JA 169). The district court noted that Gallop's complaint "pleads little in terms of factual content beyond what Gallop saw and experienced herself at the Pentagon on September 11th." (JA 171). The district court accepted as true, for purposes of the Government's motion, Gallop's allegation that government officials missed warnings of the terrorist attacks, and that fighter jets failed to intercept the hijacked airplanes. (JA 171-72). The district court held, however, that the remaining allegations set forth in the complaint amounted to little more than speculation and conjecture. (JA 172). For example, the district court explained that Gallop's alleged failure to see any signs of an airplane did not signify that a plane did not hit the Pentagon, particularly considering Gallop collapsed and lost consciousness once escaping the Pentagon. (JA 171).

Even assuming the truth of the factual allegations in the complaint, the district court held that Gallop's claims were not plausible. (JA 172). In so holding, the district court analogized Gallop's complaint to other cases "alleging delusional theories about the attacks of September 11, 2001," which were likewise dismissed. (JA 173). The district court rejected Gallop's claims as factually baseless, instead describing them as "fanciful, fantastic, and delusional . . . ." (JA 174).

### ARGUMENT

### THE COURT SHOULD AFFIRM THE DISTRICT COURT'S JUDGMENT

### A.     Standard of Review

This Court reviews *de novo* the dismissal of a complaint for failure to state a claim upon which relief can be granted. *Olmsted v. Pruco Life Ins. Co.*, 283 F.3d 429, 432 (2d Cir. 2002); *Morris v. Local 819*, 169 F.3d 782, 783-84 (2d Cir. 1999).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). District courts have the power to dismiss frivolous complaints, regardless of whether the filing fee has been paid. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). A complaint may be dismissed as "legally frivolous" or "factually baseless," or based on allegations that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see Neitzke*,

490 U.S. at 327-28 (factually baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar"); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990).

Even if a complaint is not frivolous, it must be dismissed unless it "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007); *accord Selevan v. New York Thruway Authority*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). The complaint's well-pleaded facts must do more than "give rise to a plausible inference" that defendants violated plaintiff's rights; instead, the complaint "must contain facts plausibly showing" that the violation occurred. *Iqbal*, 129 S. Ct. at 1952. Stated differently, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949.

### B.     The District Court Properly Dismissed Gallop's Complaint As Frivolous

The district court correctly dismissed this action as frivolous because the complaint is premised on the factually baseless allegation that the Government conspired to perpetrate the terrorist attacks of September 11, 2001.

The district court correctly found that Gallop's claims relied on implausible and conclusory statements, none of which are to be accepted as true under the standard set forth in *Iqbal*. The allegations in the complaint rely substantially on Gallop's speculation that (a) the Government detonated explosives at the Pentagon on September 11, 2001, in order to cover up its failure to account for trillions of dollars in United States Department of Defense funds; and (b) the Government did nothing to prevent or stop the terrorist attack on September 11, 2001. (JA 18, 27-28). These claims are unsupported by any factual allegations, and constitute nothing more than speculative, conclusory statements undeserving of consideration on a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949-50.

Contrary to Gallop's claims, the district court did not engage in an improper role as fact-finder when rejecting her "eye-witness assertion that there was no plane crash" at the Pentagon. *See* Brief for Plaintiff-Appellant ("Br.") at 33. Indeed, the Supreme Court noted in *Iqbal* that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Here, as the district court noted, the facts alleged in the complaint do not support Gallop's conclusions. (JA 171). Specifically, her conclusion that no airplane struck the Pentagon is not adequately supported by the only actual facts Gallop alleges: that in the chaos following the explosion, in the brief time before she collapsed unconscious, she herself saw no signs of an airplane. (JA 22, 171). Gallop's limited and subjective perception cannot plausibly establish the truth of her central conclusions, as the district court correctly recognized.

Even assuming the truth of the well-pleaded allegations in the complaint, the district court was right to conclude that the complaint must be dismissed. Apart from the huge explosion that Gallop alleges she witnessed at the Pentagon on September 11, 2001, Gallop claims that the Government missed warning signs of a terrorist attack, and that the Government did not deploy

its "[h]igh performance jet fighter planes" to intercept the hijacked planes. (JA 16-18, 22). But those factual allegations do not establish Gallop's contention that the Government conspired to enable a terrorist attack on the Pentagon in order to destroy records regarding missing Defense Department funds, a contention that is implausible (and, indeed, frivolous) on its face. (JA 172). The district court's dismissal of the complaint must therefore be affirmed.

### C.    The District Court Did Not Err in Dismissing the Complaint with Prejudice

The district court properly dismissed Gallop's complaint with prejudice, thereby depriving Gallop of the opportunity to amend the complaint. Gallop now contends that she should have been given leave to amend the complaint. But, first, Gallop never requested that opportunity from the district court. (JA 4-7). The "contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous." *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004); *accord Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 171 (2d Cir. 1998) ("When a plaintiff has not moved for leave to amend in the district court, we are ordinarily disinclined to exercise our discretion to grant his belated request on appeal."); *Dwares v. City of New York*, 985 F.2d 94, 101 (2d Cir. 1993).

Moreover, Gallop is not entitled to amend her complaint because even on appeal, she fails to "disclose what additional allegations [she] would make which might lead to a different result." *Horoshko*, 373 F.3d at 249-50. Gallop simply asserts that the district court should have considered the "appendix" she filed as part of her opposition to the Government's motion to dismiss. Br. 45-46. But that "appendix" consists only of statements from other people who share Gallop's conspiracy theories, and thus cannot save the complaint. (JA 97-161). "[A]n amendment is not warranted 'absent some indication as to what appellants might add to their complaint in order to make it viable.'" *Horoshko*, 373 F.3d at 249-50 (quoting *Nat'l Union of Hosp. & Health Care Employees v. Carey*, 557 F.2d 278, 282 (2d Cir. 1977)).

In any event, any amendment to the complaint would have been futile, given that no additional evidence would transform Gallop's delusional conspiracy claims into viable ones. For the reasons discussed in Point B, *supra*, Gallop's fanciful claim that the Government conspired to facilitate the terrorist attacks of September 11, 2001, remains frivolous. Accordingly, leave to amend should be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of amendment is reason for denying leave to amend); *cf. Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993) (dismissing with prejudice plaintiff's frivolous claims because "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense."), *aff'd*, 41 F.3d 1500 (2d Cir. 1994).

Hon. Catherine O'Hagan Wolfe page 6
November 12, 2010

## CONCLUSION

For the foregoing reasons, this Court should affirm the judgment of the district court dismissing the complaint against the Government.

Dated: New York, New York
November 12, 2010

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney for the
                                            Southern District of New York,
                                            Attorney for Defendants-Appellees

By: _____
                                            ALICIA M. SIMMONS
                                            BENJAMIN H. TORRANCE
                                            Assistant United States Attorneys
                                            Telephone: (212) 637-2697
                                            Facsimile: (212) 637-2686

cc: <u>By Electronic Case Filing</u>
       Mustapha Lakpene Ndanusa, Attorney
       Law Office of Mustapha Ndanusa
       26 Court Street, Suite 603
       Brooklyn, New York 11242