10-1241-cv
Gallop v. Cheney

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2010

(Submitted: June 16, 2011)            Decided: July 7, 2011)

Docket No. 10-1241-cv

APRIL GALLOP, individually and for her minor child, E.G.,

    *Plaintiff-Appellant*,

    -v.-

RICHARD CHENEY, former Vice President of the United
States, DONALD RUMSFELD, former Secretary of the
Department of Defense, General RICHARD MYERS (Ret.),
United States Air Force,

    *Defendants-Appellees*,

JOHN DOES NOS. I-X, in their individual capacities,

    *Defendants*.

Before: WINTER, WALKER, and CABRANES, *Circuit Judges*.

———————

    April Gallop moves, through counsel, to disqualify the panel from consideration of her petition for panel rehearing and rehearing in banc of the opinion of this Court in *Gallop v. Cheney*, ___ F.3d ___, 2011 WL 1565858 (2d Cir. 2011). That motion, along with her petition for panel rehearing, are denied. In addition, Gallop's counsel, William Veale, is ordered to show cause why sanctions should not be imposed under Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, and the inherent power of this Court.

                                   William Veale, Walnut Creek, CA, *for Petitioner-Appellant April Gallop*.

PER CURIAM:

    On June 13, 2011, appellant April Gallop petitioned, through counsel, for rehearing of an

April 27, 2011 decision of this Court affirming the judgment of the United States District Court for

1

the Southern District of New York (Denny Chin, *Judge*). *See Gallop v. Cheney*, ___ F.3d ___, 2011 WL 1565858 (2d Cir. 2011). In our opinion, we determined, as the District Court had, that Gallop's complaint—which alleged that former senior government officials caused the September 11, 2001 attacks against the United States in order to (1) create a political atmosphere in which they could pursue domestic and international policy objectives and (2) conceal the misallocation of $2.3 trillion in congressional appropriations to the Department of Defense—was frivolous. *Id.* at *3. We also ordered Gallop and her counsel to show cause why they should not be sanctioned for filing a frivolous appeal under Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, and the inherent power of this Court. *Id.* at *5.

While Gallop's petition for rehearing was pending before this Court, she moved, pursuant to 28 U.S.C. §§ 144 and 455(a), to disqualify the panel from consideration of that petition and any other aspect of her appeal, including the imposition of sanctions. Gallop argues that this Court's opinion demonstrates an "evident severe bias" arising from the panel's "active personal emotions" associated with the attacks of September 11, 2001, which merits disqualification. Motion to Disqualify at 2.

### A.

Prior rulings are, ordinarily, not a basis for disqualification. *United States v. Yousef*, 327 F.3d 56, 170 (2d Cir. 2003) (declining to set a precedent that would "essentially . . . requir[e] . . . judges to recuse themselves anytime they were asked to revisit a prior decision"); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). As the Supreme Court has explained, absent a "deep-seated favoritism or antagonism that would make fair judgment impossible," rulings are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Id.*

Here, the only evidence Gallop proffers establishes no more than that the panel ruled against her. As we have previously held, that alone is insufficient to establish the sort of extreme antagonism required for disqualification. *In re Basciano*, 542 F.3d 950, 957–58 (2d Cir. 2008); *cf. Berger v. United States*, 255 U.S. 22, 28 (1921) (finding extreme bias where a district judge announced that it was difficult "not to be prejudiced against the German Americans" because "[t]heir hearts are reeking with disloyalty"). Gallop's motion to disqualify the panel is therefore denied.

**B.**

Having denied Gallop's motion to disqualify the panel, we also deny her petition for panel rehearing. Gallop's petition for rehearing in banc will be considered by the in banc court in the normal course.

**C.**

In his affidavit in support of Gallop's motion for disqualification, William Veale—one of Gallop's counsel of record—"demand[s]" not only that the panel, but "any other members of the bench of this Circuit who share their feelings[,] be recused." Motion to Disqualify (Veale Aff. ¶ 2). We know of no precedent for recusing *unnamed* judges based on a prejudice, the only evidence of which is manifested in a decision adverse to an attorney's (or a party's) interests. *Cf. In re Nettles*, 394 F.3d 1001, 1003 (7th Cir. 2005) (recusing all district and circuit judges where the defendant acted on a threat to destroy the federal courthouse in which those judges worked by means of a truck bomb); *but see Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999) (recognizing that under the rule of necessity, where all judges would be disqualified in a suit brought against every district and circuit court judge in the circuit, none are disqualified). Veale certainly points to none. Indeed, rather than pursuing his client's interests, Veale's actions appear to be malicious—intended, in bad faith, to use his position as an attorney of record to harass and disparage the court. *See Tapia-Ortiz*, 185 F.3d at

3

11. Such conduct, in our view, is ground for consideration of further appellate sanctions. *See In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119 (2d Cir. 2000).

Accordingly—wholly apart from the order to show cause required pursuant to our decision in *Gallop*, ___ F.3d ___, 2011 WL 1565858, at *5, for which briefs are now due on July 11, 2011 (for Gallop and her counsel) and July 14, 2011 (for the government)—William Veale is hereby ordered to show cause in writing within thirty days from the date of entry of this order why this Court should not impose additional sanctions pursuant to Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, and the inherent authority of the Court, requiring him to provide appropriate notice to any federal court before whom he appears of any sanctions that may be imposed against him by this Court.

No extensions of time to comply with this order to show cause will be granted.

## CONCLUSION

For the reasons stated above, Gallop's motion to disqualify the panel is **DENIED**. The petition for panel rehearing is **DENIED**. Gallop's counsel, William Veale, is **ORDERED TO SHOW CAUSE** as directed in Part C of this opinion.

4