10-1241-cv
Gallop v. Cheney

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2010

(Argued: April 5, 2011)                      Decided: October 14, 2011)

Docket No. 10-1241-cv

APRIL GALLOP, individually and for her minor child, E.G.,

    *Plaintiff-Appellant*,

    -v.-

RICHARD CHENEY, former Vice President of the United States, DONALD RUMSFELD, former Secretary of the Department of Defense, General RICHARD MYERS (Ret.), United States Air Force,

    *Defendants-Appellees*,

JOHN DOES NOS. I-X, in their individual capacities,

    *Defendants*.

Before: WINTER, WALKER, and CABRANES, *Circuit Judges*.

_____

    Following this Court's April 27, 2011 order for April Gallop and her counsel of record to show cause why sanctions should not be imposed for filing a frivolous appeal, *see Gallop v. Cheney*, 642 F.3d 364 (2d Cir. 2011) ("*Gallop I*"), sanctions are imposed on Gallop's counsel of record pursuant to Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, and the inherent power of this Court. One of Gallop's counsel of record, William Veale, is further sanctioned for filing a frivolous and vexatious motion to disqualify the panel "and any like-minded colleagues" from considering Gallop's petition for panel rehearing and rehearing in banc of this Court's opinion in *Gallop I*, following a July 7, 2011 order to show cause, *see Gallop v. Cheney*, 645 F.3d 519 (2d Cir. 2011) ("*Gallop II*"). In addition, Gallop's lead counsel of record, Dennis Cunningham, is admitted *pro hac vice* for the purpose of this appeal, and is ordered to show cause why he should not be separately sanctioned for his principal role in drafting the relevant filings.

                                                    WILLIAM W. VEALE (Mustapha Ndanusa, Brooklyn, NY; Dennis Cunningham, San Francisco, CA, *on the brief*), Walnut Creek, CA, *for Petitioner-Appellant April Gallop*.

      ALICIA M. SIMMONS, Assistant United States Attorney (Preet Bharara, United States Attorney; Benjamin H. Torrance, Assistant United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York, New York, NY, *for Defendants-Appellees Richard B. Cheney, Donald H. Rumsfeld and Richard B. Myers.*

PER CURIAM:

  In an April 27, 2011 opinion in the above-captioned appeal, *Gallop v. Cheney*, 642 F.3d 364 (2d Cir. 2011) ("*Gallop I*"), this Court (1) affirmed the order of the District Court dismissing plaintiff-appellant April Gallop's complaint as frivolous[1] and (2) ordered Gallop and her counsel of record, Dennis Cunningham, Mustapha Ndanusa, and William Veale, to show cause in writing within 30 days why we should not impose sanctions in the form of double costs and a monetary penalty of $15,000, for which they would be jointly and severally liable, for filing a frivolous appeal.[2] *Gallop I*, 642 F.3d at 370-71.  Gallop subsequently moved for an extension of time until July 11, 2011 to file a response to our order to show cause, which motion was granted.

  On June 16, 2011, before responding to the outstanding order to show cause, Gallop moved to disqualify the panel, pursuant to 28 U.S.C. §§ 144 and 455(a), from considering her petition for rehearing and rehearing in banc.  *See* Mot. to Disqualify (Veale Aff. ¶ 2)  The motion, which was signed by William Veale,[3] stated that the panel should be disqualified due to "evident severe bias, based in active personal emotions arising from the 9/11 attack . . . leading to a categorical pre-judgment totally rejecting [Gallop's] Complaint, out of hand and with palpable animus in [its] decision."  Mot. to Disqualify at 2.  In addition to signing the motion to disqualify, Veale also

---

[1]   *Gallop v. Cheney*, No. 08 Civ. 10881, 2010 WL 909203, at *3 (S.D.N.Y. Mar. 15, 2010) (describing Gallop's claims as "factually baseless[,] . . . fanciful, fantastic, and delusional").

[2]   *See* Fed. R. App. P. 38; *see also* 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (discussing courts' inherent authority to impose sanctions).

[3]   Although William Veale alone signed the motion to disqualify, Dennis Cunningham claims he was the primary author.  *See* Appellants' Mem. in Response to the Court's April 27, 2011 Order Imposing Sanctions (Cunningham Aff. ¶ 28).

2

provided a supporting affidavit, in which he further demanded not only that "the three panel members" who heard Gallop's appeal recuse themselves from future participation in the case, but also that "any other members of the bench of this Circuit who share their feelings" do the same. *Id.* (Veale Aff. ¶ 2); *see also id.* (Veale Aff. ¶ 27) (reiterating that the panel members "and any like-minded colleagues" must be recused). The affidavit was also peppered with disdainful and unsubstantiated conclusions about the panel members' emotional stability and competence to serve objectively. *See, e.g., id.* (Veale Aff. ¶¶ 3, 19) (alleging that the Court had engaged in a "rank, dishonest wielding of ordained power," and that the participation of one member in particular was so egregious that it "would or should provoke a congressional investigation").

On July 7, 2011, in a second published opinion, *Gallop v. Cheney*, 645 F.3d 519 (2d Cir. 2011) (per curiam) ("*Gallop II*"), we (1) denied Gallop's motion to disqualify the panel, (2) denied her petition for panel rehearing, and (3) ordered William Veale to show cause in writing within 30 days from the date of entry of that order why the Court should not impose additional sanctions against him for his role in drafting the motion to disqualify and accompanying affidavit. *Gallop II*, 645 F.3d at 521-22. Pursuant to the terms of the proposed additional sanctions, Veale would be required to provide appropriate notice to any federal court before which he appears of any sanctions imposed against him in connection with this appeal. *Id.*

On July 12, 2011 and August 8, 2011, respectively, Gallop and her team of attorneys submitted their responses to our orders to show cause of April 27, 2011 and July 7, 2011.

**A.**

Dennis Cunningham, Gallop's lead counsel of record, states in his affirmation in response to our April 27, 2011 order to show cause that he is "not currently admitted to practice before this Court" because, although previously admitted, he was "dropped from the rolls without notice." Appellants' Mem. in Response to the Court's April 27, 2011 Order Imposing Sanctions

3

("Appellants' Mem. Response") (Cunningham Aff. ¶ 28). He states that he was "substantially 'the decider' in [the] development of the case, and author of the pleadings at issue here," and moves to be admitted *pro hac vice* for the purposes of this appeal, so that in considering sanctions we may "assign [the] blame herein to whom it mainly belongs." *Id.* (Cunningham Aff. ¶ 28.)

Cunningham's motion to be admitted *pro hac vice* is hereby granted.

**B.**

In *Gallop I*, we affirmed the dismissal of Gallop's complaint by the United States District Court for the Southern District of New York (Denny Chin, *Judge*); the complaint had alleged that on September 11, 2001, a bomb was detonated inside the Pentagon, that no plane hit the Pentagon, and that various identified United States civilian and military leaders knew about the 9/11 attacks in advance, assisted in their planning, and subsequently covered up the government's involvement. *See Gallop I*, 642 F.3d at 366-67. We found the District Court's dismissal of the complaint appropriate because it consisted of speculation and conjecture and "fail[ed] to set forth a consistent, much less plausible, theory for what actually happened" on September 11, and further failed to present anything beyond vague and conclusory allegations of conspiracy among the defendants. *Id.* at 368-69. We then ordered Gallop and her attorneys to show cause why they should not be sanctioned for forcing the court to consider, and the government to defend, a frivolous and vexatious appeal. *Id.* at 370-71.

The response of Gallop and her attorneys to our April 27, 2011 order to show cause fails to demonstrate that this appeal was anything but frivolous. Like other papers submitted by Gallop and her team of attorneys in this appeal, the response presents only irrelevant information in a jarringly disorganized manner, united solely by its consistently patronizing tone. The response is a comprehensive compilation of every rumor, report, statement, and anecdote that may reveal an inconsistency or omission in an "official version" of the 9/11 attacks, such as the 9/11 Commission

4

Report: Final Report on the National Commission on Terrorist Attacks Upon the United States, *available at* http://www.gpoaccess.gov/911/pdf/fullreport.pdf.[4] Despite this effort, Gallop and her attorneys neglect to explain how or why these random accounts—even assuming they reveal inconsistencies or omissions in the "official" 9/11 story—provide a sufficient basis for pursuing an appeal of Gallop's claims against defendants. As such, the response fails to show why the appeal was not frivolous, *see Gallop I*, 642 F.3d at 370-71.

Moreover, the response contains a robust collection of unsupported accusations of bias against the Court. For example, it accuses the Court of "an untoward, actionably biased judicial response" to Gallop's claims, "angry pre-judgment," and participation (or at least acquiescence) in the "ongoing" government "conspiracy" regarding the events of 9/11. Appellants' Mem. Response at 7, 9, 17-18.

1.

Turning first to the question of whether sanctions are appropriate against Gallop, we note that she is not an attorney and thus has not assumed the ethical obligations that her attorneys owe to this Court. Additionally, the record before us reveals that Gallop did not spearhead her litigation strategy, but rather relied heavily upon her attorneys to draft the relevant documents and provide advice in pursuing this litigation. *See, e.g.*, Appellants' Mem. Response at 21 n.13 (describing Cunningham as the "principal author of the plaintiffs' pleadings here and in the district court"); *id.* (Gallop Aff. ¶¶ 6-7) ("I understand from my attorneys that . . . .") ("[A]s explained by my lawyers . . . .")).

Under the circumstances, we decline to impose sanctions on Gallop at this time. *Cf. In re Porto*, 645 F.3d 1294, 1304 (11th Cir. 2011) ("[T]he rule that the sins of the lawyer are visited on the

---

[4] For example, Veale's affirmation consists almost exclusively of random anecdotes and culminates in a laundry list of publications that could potentially support a conspiracy theory. *See generally* Appellants' Mem. Response (Veale Aff.).

5

client does not apply in th[e] context [of sanctions], and a court must specify conduct of the [client] herself that is bad enough to subject her to sanctions."). Rather, Gallop is hereby admonished that the submission of future frivolous filings, either as a *pro se* litigant or one represented by counsel, may result in sanctions being imposed on her by the courts, including the imposition of leave-to-file restrictions, requirements of notice to other federal courts, and monetary penalties.

**2.**

Turning to the question of whether sanctions are appropriate against Gallop's attorneys, the record before us reflects that this team of lawyers "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," 28 U.S.C. § 1927 ("§ 1927"); *see also* Fed. R. App. P. 38 ("Rule 38") (providing for sanctions where a court of appeals "determines that an appeal is frivolous"). *See generally Gallop II*, 645 F.3d at 520-22; *Gallop I*, 642 F.3d at 364-71; Appellants' Mem. Response. The record also reflects that Gallop's attorneys repeatedly and in bad faith accused the Court of bias, malice, and general impropriety. *See, e.g.*, Appellants' Mem. Response at 7, 9, 17-18.

Accordingly, pursuant to our authority under § 1927, Rule 38, and the inherent power of this Court, we hereby order, adjudge, and decree that Dennis Cunningham, Mustapha Ndanusa, and William Veale shall pay the government double costs in addition to damages in the amount of $15,000, for which they are jointly and severally liable, within 60 days of the date of entry of this order. It is further ordered that (1) unless such payment is timely made, attorneys Dennis Cunningham, Mustapha Ndanusa, and William Veale shall be required to request leave from this Court before filing any papers with the Clerk of this Court or the clerks of any court within this Circuit; (2) within 24 hours of receipt of the $15,000 penalty imposed on Gallop's counsel of record, the government shall submit an affidavit to this Court confirming its receipt of such payment; and (3) if no payment is made within 60 days of the date of entry of this order, the government shall so

6

certify to this Court, along with a statement regarding additional remedies that may be available under the circumstances.

## C.

On July 7, 2011, we ordered William Veale to show cause why he should not be separately sanctioned for statements made in the June 16, 2011 motion to disqualify and his accompanying affidavit. *Gallop II*, 645 F.3d at 521-22.

On August 8, 2011, Veale filed a response to this second order to show cause, in which he attempts to establish that he filed the motion to disqualify and accompanying affidavit in good faith. *See generally* Veale Mem. in Response to Court's July 7, 2011 Order to Show Cause ("Veale Mem. Response"). In his affirmation accompanying this response, Veale declares that he "sincerely believed [the motion] was meritorious," *id.* (Veale Aff. ¶ 5), and denies that it was motivated by a "desire to harass or disparage this Court," *id.* (Veale Aff. ¶ 6). Although Veale concedes that the motion and accompanying affidavit evinced a "regrettably . . . intemperate" tone, he attributes this tone to his "fe[eling] demeaned by th[e] Court's decision and its Order to Show Cause [in *Gallop I*]," and apologizes to the Court for allowing his personal feelings to influence the tone of his submissions, *id.* (Veale Aff. ¶ 7).

Veale's intemperate tone is less significant to our analysis than the legal futility of his demand that the members of the original panel and "any other members of the bench of this Circuit who share their feelings" be recused, Mot. to Disqualify (Veale Aff. ¶ 2); *id.* (Veale Aff. ¶ 27 (reiterating that "[t]he Panel members here, and any like-minded colleagues," must recuse themselves)), a demand for which no precedent was presented, nor, as far as we know, exists, *Gallop II*, 645 F.3d at 521. In the absence of legal support, Veale offered an untested (and presumably untestable) circular explanation: that the panel members found Gallop's conspiracy theory claims to be frivolous because they were experiencing 9/11-related emotions that prevent them from "com[ing] to grips

7

with the concrete factual allegations set forth in the Complaint." Mot. to Disqualify (Veale Aff. ¶ 23). This theory requires the ambitious assumption that the "[o]nly . . . explan[ation]" for the panel's adverse decision is that Gallop's claims were so "abhorrent" that they deactivated the judges' "normal intellectual functions," forcing them to "abandon[] impartiality decisively" in favor of "a reflexive pre-judgment," *id.* (Veale Aff. ¶¶ 3, 21). Accordingly, in Veale's view, the panel's very rejection of Gallop's claims proves that the panel members—perhaps as a "psycho-emotional matter"—either "will not be" or "cannot be" impartial. *Id.* (Veale Aff. ¶ 26).

Conveniently, the apparent litmus test for whether a judge's normal intellectual functions have been compromised such that he or she must be disqualified from hearing Gallop's case is identical to the question of whether a judge agrees with the original panel's determination that Gallop's action is frivolous. But as Veale is surely aware, no party to litigation is entitled to a pre-screened panel of sympathetic judges, and we have no patience for Veale's homegrown psycho-social theories contrived to achieve that end.

Moreover, we reject Veale's claim that he "sincerely believed [his motion to disqualify] was meritorious and that it was [his] duty as [Gallop's] lawyer to [make it]," Veale Mem. Response (Veale Aff. ¶ 5). We refuse to accept that any attorney acting in good faith, particularly an attorney who claims to have 32 years of trial experience and who avers that he "taught criminal trial practice at the University of California, Berkeley, Boalt Hall School of Law for 11 years," *id.* (Veale Aff. ¶¶ 1-2), could sincerely believe that he was justified in demanding disqualification of the three panel members "and any like-minded colleagues," *id.* (Veale Aff. ¶ 27), or that his affidavit was otherwise legally sound and meritorious.

Rather, we conclude that Veale allowed his emotional reaction to the Court's adverse ruling to further undermine his legal judgment and interfere with his duty to provide thoughtful and reasoned advice to his client. Enraged and embarrassed by the Court's decision, Veale used the June

8

16, 2011 affidavit to air personal grievances against the Court, rather than to tailor his response to Gallop's best interests. Notwithstanding Veale's insistence in his August 8, 2011 affirmation that he was not "motivated by a desire to harass or disparage this Court," *id.* (Veale Aff. ¶ 6), his true purpose is revealed in the unusually aggressive—yet entirely unsupported—attacks on the Court in his June 16, 2011 affidavit submitted in response to our April 27, 2011 order to show cause. *See, e.g.,* Mot. to Disqualify (Veale Aff. ¶ 4) (calling the Court's decision "highly emotional" and "angry"); *id.* (Veale Aff. ¶ 18) (claiming the Court's decision sacrificed "the integrity of the Court, and of history"); *id.* (Veale Aff. ¶¶ 3, 19) (suggesting the Court had engaged in a "rank, dishonest wielding of ordained power" that "would or should provoke a congressional investigation").

For the foregoing reasons, we conclude that Veale acted in bad faith in demanding the recusal of the three panel members "and any like-minded colleagues," *id.* (Veale Aff. ¶ 27). Accordingly, we hereby order that Veale shall be required, for a period of one year from the date of entry of this order, to provide appropriate notice of the sanctions imposed upon him in this case to any federal court in this Circuit before which he appears or seeks to appear. Failure to comply with this order may result in additional sanctions.

**D.**

Dennis Cunningham, Gallop's lead counsel of record, asserts that he was the "principal author of the pleadings at issue" in this case, including the motion to recuse that resulted in additional sanctions imposed upon Veale, *see* Part C, *ante.* Appellants' Mem. Response (Cunningham Aff. ¶ 28). In light of his asserted authorship, along with the disrespectful language he employed in the affirmation he submitted in conjunction with Gallop's response to our April 27, 2011 order to show cause, *see, e.g., id.* (Cunningham Aff. ¶¶ 23-24 (accusing the Court of "unconscionable," "opportunistic," "cynical," and "scorn[ful]" conduct lacking "any pretense of impartiality or objectivity")), Cunningham is hereby ordered to show cause in writing within 30 days from the date

9

of entry of this order why he should not be separately sanctioned by being required to provide appropriate notice to any federal court before which he appears or seeks to appear of the sanctions imposed against him in connection with this appeal.

## Conclusion

To summarize:

(1) The motion of Dennis Cunningham, Gallop's lead counsel of record, for admission to our Court *pro hac vice*, is hereby GRANTED.

(2) Gallop is hereby ADMONISHED that the submission of future frivolous filings may result in sanctions.

(3) Dennis Cunningham, Mustapha Ndanusa, and William Veale are hereby ORDERED to pay the government double costs in addition to damages in the amount of $15,000, for which they are jointly and severally liable, within 60 days of the date of entry of this order.

(4) It is further ORDERED that (i) unless such payment is timely made, attorneys Dennis Cunningham, Mustapha Ndanusa, and William Veale shall be required to request leave from this Court before filing any papers with the Clerk of our Court or the clerks of any court within this Circuit; (ii) within 24 hours of receipt of the $15,000 penalty imposed on Gallop's counsel, the government shall submit an affidavit to this Court confirming its receipt of such payment; and (iii) if no payment is made within 60 days of the date of entry of this order, the government shall promptly so certify to this Court, along with a statement regarding additional remedies that may be available under the circumstances.

(5) William Veale is hereby ORDERED, for a period of one year from the date of entry of this order, to provide notice of the sanctions imposed upon him in this case to any court within this Circuit before which he appears, or seeks to appear. Failure to comply with this order may result in additional sanctions.

(6)  Dennis Cunningham is hereby ORDERED to show cause in writing within 30 days from the date of entry of this order why he should not be separately sanctioned by being required to provide appropriate notice to any court within this Circuit before which he appears, or seeks to appear, of the sanctions imposed against him in connection with this appeal.