10-1241-cv
Gallop v. Cheney

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2010

(Argued: April 5, 2011)                                    Decided: April 27, 2011)

Docket No. 10-1241-cv

APRIL GALLOP, individually and for her minor child, E.G.,

     *Plaintiff-Appellant,*

     -v.-

RICHARD CHENEY, former Vice President of the United
States, DONALD RUMSFELD, former Secretary of the
Department of Defense, General RICHARD MYERS (Ret.),
United States Air Force,

     *Defendants-Appellees,*

JOHN DOES NOS. I-X, in their individual capacities,

     *Defendants.*[1]

Before: WINTER, WALKER, and CABRANES, *Circuit Judges.*

————————

     April Gallop appeals from a March 18, 2010 judgment of the United States District
Court for the Southern District of New York (Denny Chin, *Judge*) dismissing her complaint
asserting violations of her constitutional rights pursuant to *Bivens v. Six Unknown Federal
Narcotics Agents*, 403 U.S. 388 (1971), a common law tort of conspiracy to cause death and
great bodily harm, and a violation of the Antiterrorism Act, 18 U.S.C. § 2333(a).  Gallop,
represented by counsel in the District Court and on appeal, alleged that defendants, former
senior government officials, caused the September 11, 2001 attacks against the United States
in order to create a political atmosphere in which they could pursue domestic and
international policy objectives and to conceal the misallocation of $2.3 trillion in
congressional appropriations to the Department of Defense.  We hold that the District
Court did not err in concluding that Gallop's claims were frivolous, and affirm the dismissal
of her complaint.  In addition, Gallop's counsel are ordered to show cause why sanctions
should not be imposed under Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, and
the inherent power of this Court.

---

[1] The Clerk of Court is directed to amend the official caption as set forth above.

> WILLIAM W. VEALE (Mustapha Ndanusa, Brooklyn, NY; Dennis Cunningham, San Francisco, CA, *on the brief*), Walnut Creek, CA, *for Petitioner-Appellant April Gallop.*

> ALICIA M. SIMMONS, Assistant United States Attorney (Preet Bharara, United States Attorney; Benjamin H. Torrance, Assistant United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York, New York, NY, *for Defendants-Appellees Richard B. Cheney, Donald H. Rumsfeld and Richard B. Myers.*

JOSÉ A. CABRANES, *Circuit Judge*:

April Gallop ("Gallop") appeals from a March 18, 2010 judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*) dismissing her complaint asserting violations of her constitutional rights pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a common law tort of conspiracy to cause death and great bodily harm, and a violation of the Antiterrorism Act, 18 U.S.C. § 2333(a). Gallop, represented by counsel in the District Court and on appeal, alleged that defendants, former senior government officials, caused the September 11, 2001 attacks against the United States in order to (a) create a political atmosphere in which they could pursue domestic and international policy objectives and (b) conceal the misallocation of $2.3 trillion in congressional appropriations to the Department of Defense. The District Court concluded that Gallop's claims were frivolous, and dismissed her complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). We affirm.

## BACKGROUND

As the sentient world well recalls, on the morning of September 11, 2001, "agents of the al Qaeda terrorist organization hijacked commercial airplanes and attacked the World Trade Center in New York City and the national headquarters of the Department of Defense

in Arlington, Virginia." *Hamdan v. Rumsfeld*, 548 U.S. 557, 567-68 (2006). Among the nearly 3,000 civilians that were killed in the attacks were the 6 crew members and 58 passengers of American Airlines Flight 77, which crashed into the Pentagon at 9:37 a.m. *See, e.g.*, The 9/11 Commission Report: Final Report of the National Commission on Terrorist Attacks Upon the United States 8-10 (2004). The attacks of September 11, 2001 constituted the deadliest attack on American soil since the bombing of Pearl Harbor on December 7, 1941.

On December 15, 2008, Gallop filed a complaint in the District Court alleging the following facts. Gallop, a Specialist in the United States Army, was working in the Pentagon with her infant child, E.G., on September 11, 2001, when a large "explosion" caused the walls and ceiling to collapse on top of her. Complaint ¶ 6. Although she was "knocked unconscious" by the initial blast, she regained her senses in time to exit the building through a hole in the wall and "collapsed on the grass" outside. Complaint ¶ 34. She awoke sometime later in the hospital. *Id.* Both she and her son, now seven-years-old, sustained lasting "head and brain injuries" as a result of the explosion. Complaint ¶ 7.

Apart from these factual allegations, the Complaint hypothesizes a fantastical alternative history to the widely accepted account of the "explosion" that injured Gallop and killed hundreds of other men and women inside the Pentagon. Among other things, Gallop's complaint alleges that American Airlines Flight 77 did not crash into the Pentagon—indeed, that *no* plane crashed into the Pentagon. Complaint ¶ 4 ("[T]he official story, that a hijacked plane crashed into the Pentagon and exploded . . . is false."). Instead, the Complaint alleges that the United States" most senior military and civilian leaders "cause[d] and arrange[d] for high explosive charges to be detonated inside the Pentagon, and/or a missile of some sort to be fired at the building . . . to give the false impression that hijackers had crashed the plane into the building, as had apparently happened in New York." Complaint ¶ 3.

3

Gallop further contends that these officials knew of the September 11 attacks in advance, facilitated their execution, and attempted to cover up their involvement in order to "generate a political atmosphere of acceptance in which [the government] could enact and implement radical changes in the policy and practice of constitutional government in [the United States]." Complaint ¶ 2. In addition, Gallop alleges that the attacks were intended to conceal the revelation on September 10, 2001 that $2.3 trillion in congressional appropriations "could not be accounted for" in a recent Department of Defense audit. Complaint ¶ 42.

Gallop claims that defendants' alleged responsibility for the attack that resulted in the injuries she sustained and the deaths of thousands of others entitles her to compensatory and punitive damages for (1) violations of her rights under the First, Fourth, Fifth and Ninth Amendments of the United States Constitution pursuant to *Bivens*; (2) the common law tort of conspiracy to cause death and great bodily harm; and (3) a violation of the Antiterrorism Act, 18 U.S.C. § 2333(a), which provides civil remedies to U.S. nationals injured by "an act of international terrorism."[2]

On May 6, 2009, defendants moved to dismiss Gallop's complaint on the following bases: (1) that defendants are entitled to qualified immunity; (2) that the Antiterrorism Act fails to provide a cause of action against U.S. government officials; (3) that Gallop's constitutional claim is untimely, and, in any event, fails to state a claim upon which relief can be granted; (4) that all of her claims are barred under the doctrine of judicial estoppel; and (5) that all of her claims are frivolous. The District Court agreed that the Complaint was

---

[2]

       18 U.S.C. § 2333(a) provides:

       Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefore in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

frivolous and could not survive a motion to dismiss. *See Gallop v. Cheney*, No. 08 Civ. 10881, 2010 WL 909203, at *3 (S.D.N.Y. Mar. 15, 2010). Accordingly, without reaching any of the government's other arguments, the District Court dismissed the complaint with prejudice. *Id.*

On appeal, Gallop argues that the District Court erred in concluding that the complaint failed to make out well-pleaded, non-conclusory factual allegations and erred in declining to provide her leave to amend her complaint.

## DISCUSSION

### A.

We review *de novo* the dismissal of a complaint for failure to state a claim upon which relief can be granted. *See, e.g., Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008). To survive dismissal, Gallop "must provide the grounds upon which [her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court explained in *Ashcroft v. Iqbal*, a complaint that merely "tenders naked assertions devoid of further factual enhancement" fails to meet this standard. 129 S. Ct. 1937, 1949 (2009) (quotation marks and alterations omitted). Moreover, even if the complaint contains sufficiently "well-pleaded" allegations, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. A court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic." or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)) (quotation marks omitted).

### B.

After a *de novo* review, we have no hesitation in concluding that the District Court correctly determined that the few conceivably "well-pleaded" facts in Gallop's complaint are frivolous. While, as a general matter, Gallop or any other plaintiff certainly may allege that the most senior members of the United States government conspired to commit acts of terrorism against the Untied States, the courts have no obligation to entertain pure speculation and conjecture. Indeed, in attempting to marshal a series of unsubstantiated and inconsistent allegations in order to explain why American Airlines Flight 77 did not crash into the Pentagon, the complaint utterly fails to set forth a consistent, much less plausible, theory for what actually happened that morning in Arlington, Virginia. *See, e.g.*, Complaint ¶ 3 (alleging that defendants may have caused "high explosive charges to be detonated inside the Pentagon"); ¶ 21 (alleging that defendants "may have employed Muslim extremists to carry out suicide attacks; or . . . may have used Muslim extremists as dupes or patsies"); *id.* (alleging that "four planes" were in fact hijacked on the morning of September 11); ¶ 33 (alleging that "[i]f Flight 77, or a substitute, did swoop low over the [Pentagon], to create the false impression of a suicide attack, it was then flown away by its pilot, or remote control, and apparently crashed somewhere else"); ¶ 40(d)(3) (alleging that apart from Flight 77 "a different, additional, flying object . . . hit the Pentagon"); ¶ 43 (alleging that there "may have been a missile strike, perhaps penetrating through to the back wall, which helped collapse the section that fell in, possibly augmented by explosives placed inside").

Furthermore and notwithstanding the unsupported assumptions regarding the fate of American Airlines Flight 77, the complaint also fails to plausibly allege the existence of a conspiracy among the defendants. For example, Gallop offers not a single fact to corroborate her allegation of a "meeting of the minds" among the conspirators. Complaint ¶ 55. It is well settled that claims of conspiracy "containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand

a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (quotation marks omitted). We therefore agree with the District Court that Gallop's allegations of conspiracy are baseless and spun entirely of "cynical delusion and fantasy." *Gallop*, 2010 WL 909203, at *5. The District Court did not err in dismissing the complaint with prejudice.

Although, like the District Court, we do not reach the question of whether judicial estoppel bars Gallop's complaint, we note that the complaint is facially irreconcilable with factual allegations made by Gallop in other actions. *See Gallop v. Am. Airlines, Inc.*, No. 03 Civ. 1016, Order of Final Judgment at 2 (S.D.N.Y. Dec. 13, 2007) (dismissing with prejudice Gallop's complaint against various defendants alleging that American Airlines Flight 77 did crash into the Pentagon on September 11, 2001); V*adhan v. Riggs Nat'l Corp.*, No. 04 Civ. 7281, Amended Complaint ¶ 2 (S.D.N.Y. Mar. 23, 2005) (alleging that defendants "ultimately facilitated . . . the terrorists being able to complete their terrorist deeds on September 11, 2001 by crashing four United States passenger airlines into the New York World Trade Center buildings, the United States Pentagon, and into a field in Shanksville, Pennsylvania"); *Burnett v. Al Baraka Investment*, No. 03 Civ. 5738, Complaint ¶ 9 (S.D.N.Y. Aug. 1, 2003) (alleging that "on September 11, 2001, al Qaeda co-conspirators . . . hijacked American Airlines Flight 77 . . . and crashed it into the Pentagon"). While Gallop's counsel asserted at oral argument that Gallop's inconsistent claims could be explained by the emergence of new evidence since her previous submissions, he did not identify any. We therefore do not know whether Gallop's reconsideration of the events of September 11, 2001 is the product of new evidence or of new counsel.

## C.

On appeal, Gallop also contends that she should have been granted leave to amend the complaint. While leave to amend under the Federal Rules of Civil Procedure is "freely granted," *see* Fed. R. Civ. P. 15(a), no court can be said to have erred in failing to grant a

request that was not made. As a result, the "contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous." *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004). Moreover, in the absence of any indication that Gallop could—or would—provide additional allegations that might lead to a different result, the District Court did not err in dismissing her claim with prejudice. As we have had occasion to explain, "[a] counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).

### D.

Finally, while the government has not moved for sanctions, the record on appeal leaves no doubt that this appeal, to say nothing of the original complaint, was "brought without the slightest chance of success," and therefore should not have been brought at all, even if authorized by the client. *Bankers Trust Co. v. Publicker Indus., Inc.*, 641 F.2d 1361, 1367 (2d Cir. 1981). Pursuant to the terms of Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, and the inherent authority of the Court to consider sanctions on parties who pursue patently frivolous appeals and force this Court to consider—and the government to defend—vexatious litigation, we may, with adequate notice and opportunity to be heard, impose sanctions *nostra sponte*. *See* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."); 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.");

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (discussing the "inherent power" of the court to impose sanctions on a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (quotation marks omitted); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 408 (1990) (discussing the authority of appellate courts to impose sanctions under Rule 38); *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78-79 (2d Cir. 2000) (discussing the authority of appellate courts to impose sanctions under 28 U.S.C. § 1927 and under their inherent power to sanction parties and their attorneys); *In re JC's East, Inc.*, 84 F.3d 527, 532 (2d Cir. 1996) (discussing the authority of appellate courts to impose sanctions under Rule 38); *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 430 (2d Cir. 1988) (discussing same); *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (discussing the "inherent power" of appellate courts to impose sanctions).

As in *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379 (2d Cir. 1982), this appeal was an unnecessary imposition "on the government which is forced to defend against the appeal and on the taxpayers who must pay for that defense." *Id.* at 382. Accordingly, Gallop and her counsel are hereby ordered to show cause in writing within thirty days from the date of entry of this order why they should not pay double costs and damages in the amount of $15,000, for which they would be jointly and severally liable, under Rule 38, 28 U.S.C. § 1927, and the inherent power of this Court. *See, e.g., Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (ordering *nostra sponte* that counsel show cause why he should not pay double costs and fees under Rule 38).[3] The government shall file a letter-brief within three days of Gallop's counsel's submission stating its views, if any, on the question of sanctions.

---

[3] As we have previously stated, "since attorney and client are in the best position between them to determine who caused this appeal to be taken," the prudent course for this Court is to impose joint and several liability. *Potamkin*, 689 F.2d at 382; *see also In re JC's East, Inc.*, 84 F.3d at 532 (ordering that "appellants and their attorney, who are in the best position to allocate responsibility for bringing this appeal, show cause within thirty days why they should not be sanctioned, with joint and several liability") (citation omitted).

## **CONCLUSION**

For the reasons stated above, we **AFFIRM** the judgment of the District Court.

Gallop's counsel are ordered to show cause as directed in the penultimate paragraph of this

opinion.